## Gabel v. Manchio

*Robert L. Fleming,* for plaintiff.

*John W. McCormick* and *Rosenn, Jenkins & Greenwald,* for defendants.

PINOLA, J., June 18, 1958.—Plaintiff brought an action in trespass for damages caused when debris, from a building which partially collapsed, fell upon her car

which had been parked in an adjoining lot by an attendant.

The complaint alleges that on March 14, 1956, defendant Manchio was the operator of Tony's Parking Lot at 84 Sambourne Street, Wilkes-Barre, and defendants Jacobosky were either coöwners or co-managers, or one was owner and the other manager, either or both of them being thus in control of a large dilapidated brick building adjacent to the parking lot. On that date plaintiff left her car at the parking lot as a paying customer and upon her return found it to be damaged beyond repair, alleging $285 as the difference between values before and after. Plaintiff further avers, on information and belief, that the damage was caused by an attendant of Manchio's parking lot placing the car alongside the dilapidated building, so that brick, timbers and other debris fell upon it when the building partially collapsed.

The essential averments of negligence are pleaded as follows:

"The aforesaid damage to Plaintiff's Plymouth was caused by the joint and/or several negligence of Defendants and/or their agents and employees, in that:

"(a) Defendant Manchio's employee parked said Plymouth alongside said building when he knew or should have known that to do so was to create an unreasonable risk of harm to said Plymouth.

"(b) Defendant Manchio failed to properly instruct his employees as to the danger involved and failed to rope off or otherwise block off from use the danger area.

"(c) Defendants Jacobosky and/or their agents and employees failed to keep said building in proper repair or to take any reasonable precautions whatever to prevent the partial collapse thereof, whereby debris would be cast upon the parking lot adjacent thereto."

Defendant Manchio has filed preliminary objections in the nature of a demurrer and also asks for a more specific complaint.

The demurrer is based upon the theory that Manchio had no control or right of control over the building and, therefore, cannot be held responsible for its collapse. However, the cause of action is not based upon control of the building. It is based on the fact that the car was parked next to the building when the attendant knew or should have known of its dangerous condition. This is a sufficient averment of actionable negligence and if proven would raise a jury question. The demurrer must fall.

Manchio complains that plaintiff has failed to state the name and address of the parking lot attendant. This is not necessary. He complains that plaintiff fails to state whether the attendant was acting with authority from the principal in performing said act. This he has a right to know.

He also complains that plaintiff fails to state whom she paid for the parking privilege. If the payment was made, plaintiff can readily include that averment.

Complaint is also made that the damages to plaintiff's vehicle are not sufficiently itemized nor is the cost of repairs sufficiently set forth. Plaintiff is not claiming for cost of repairs. She avers that after the accident the automobile had salvage value only. Under the circumstances, the measure of damages is the difference between its value before the damage and the value of the wreckage: Finkenbinder v. Eberly, 30 D. & C. 312.

Defendants Jacobosky have also filed preliminary objections in the nature of a demurrer and motion for a more specific complaint. In the former, objection is made that ownership is improperly pleaded in that the complaint avers that either or both of them owned or managed the building, or that one owned it and the

other managed it. Defendants certainly know whether they or either of them owned or managed the building and are, therefore, in position to make responsive answer to the averment.

They complain also that plaintiff fails to state any act of commission or omission which constitutes negligence giving rise to the action; she merely states that they failed to keep said building in proper repair or to take reasonable precautions to prevent its collapse.

To require plaintiff to plead with greater particularity would be to require the pleading of evidence which is properly adducible at trial: Davis v. Carr, 61 D. & C. 479. Their demurrer is without merit.

In their motion for a more specific complaint, defendants Jacobosky make the same objection as to cost of repairs as made by Manchio and the same is likewise dismissed.

Defendants complain that plaintiff fails to state who she paid for parking her vehicle and she fails to state whether or not there was a lease of the property from any specified owner. As between defendants Jacobosky and plaintiff, these matters are entirely irrelevant.

Finally, since the given address or location of the parking lot is admittedly erroneous, plaintiff will be required to amend her complaint so as to correctly locate the premises.

Accordingly, we enter the following

*Order*

Now, June 18, 1958, at 9:30 a.m.,

(1) The preliminary objection of defendant Manchio in the nature of a demurrer is dismissed, his preliminary objection for more specific complaint is sustained and plaintiff is required to aver whether the act of the attendant was in the course of his, Manchio's, business and to state whether payment for the parking was made.

(2) The preliminary objection of defendants Jacobosky in the nature of a demurrer is dismissed, their preliminary objection for more specific complaint is sustained insofar as it relates to location of the premises and plaintiff is required to give the correct location of the premises.

(3) Plaintiff shall file an amended complaint within 20 days of the date hereof.